UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAQUAN SNIPES, : | Civil Action No. 21-14149 (KSH) (MAH) |
| Plaintiff *pro se*, : | REPORT AND RECOMMENDATION |
| v. : | |
| PASSAIC COUNTY et al., : | |
| Defendants. : | |

**HAMMER, United States Magistrate Judge**

This matter comes before the Court by way of Plaintiff's failure to respond to the Order to Show Cause dated June 24, 2022, among other things, as described fully below. [D.E. 40]. The Undersigned has considered this matter on the papers pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Undersigned respectfully recommends that the District Court dismiss the Complaint with prejudice.

**I.     BACKGROUND**

Plaintiff, now *pro se*, filed a Complaint alleging violations pursuant to 42 U.S.C. § 1983 and the Fourteenth (Count I), Eighth (Count II & V), and First (Counts III & IV) Amendments to the United States Constitution against Defendants Passaic County, Passaic County Board of Freeholders, Office of the Passaic County Sheriff's Department, Passaic County Jail, Passaic County Jail Warden Michael Tolerico, and Passaic County Jail Correctional Officer John/Jane Does #1-25 (collectively, "Defendants"). [Compl., D.E. 1]. Plaintiff specifically alleges that during his time at Passaic County Jail, he was subject to conditions "which pose a substantial and ongoing risk to inmates' physical and mental health," and was denied the ability to "practice

essential elements of his religion." [*Id.* at pp. 5-6]. Plaintiff also alleges that the Defendants knew about, and allowed to continue, such practices, and failed to take any remedial actions. [*Id.* at pp. 6-7].

Defendants Passaic County and Passaic County Jail Warden Michael Tolerico (together, "Defendants Passaic County") filed a motion to dismiss Counts I, II, and V of Plaintiff's Complaint on November 29, 2021. [Motion to Dismiss, D.E. 17]. Plaintiff opposed that motion on January 14, 2022. [Opposition, D.E. 20]. Before any reply was filed, the parties met and conferred, and Defendants Passaic County agreed to withdraw their motion. [D.E. 26]. In light of the parties' agreement, Plaintiff was to file and serve an Amended Complaint by March 28, 2022. [*Id.*]. Thereafter, Plaintiff requested an extension of time within which to file and serve an Amended Complaint, which the Court granted. [Mar. 25, 2022 Letter, D.E. 30; Order Granting Extension, D.E. 31].[1]

Unfortunately, communications between Plaintiff and his then-counsel, in addition to Defense counsel and the Court, declined shortly thereafter. First, Plaintiff's then-counsel filed a motion to withdraw as attorney or be relieved as counsel on April 15, 2022. [Motion to Withdraw as Attorney / Relieved as Counsel, D.E. 32]. Counsel pointed out specifically that "[c]ommunication between Plaintiff and this firm have completely broken down." [D.E. 32-1, at p. 1, ¶ 2].[2] Second, the Undersigned ordered a telephone conference on May 9, 2022 at 11:00 a.m. concerning said motion, and mandated Plaintiff's appearance:

---

[1] The Court notes that Plaintiff's then-counsel, Jennifer Strong, had withdrawn as attorney after leaving her employment with The Russell Friedman Law Group, LLP. [*See* D.E. 27 and 28]. Attorney Dara C. Goodman appeared in the matter on March 5, 2022. [D.E. 29].

[2] In addition, counsel represented that, despite multiple attempts, "Plaintiff no longer responds to the firm's communications and/or attempts to reach him," even though counsel was attempting to draft and file the Amended Complaint to move the case forward. [*Id.* at pp. 2-3].

> TEXT ORDER: There shall be a telephone conference before the Undersigned on May 9, 2022 at 11:00 a.m. concerning Plaintiffs counsels motion to withdraw, D.E. 32. **In addition to counsel, Plaintiff must attend the telephone conference.** The parties shall join the call by dialing 1-888-684-8852 and access code 1456817#. Plaintiffs counsel shall send a copy of this Order and an additional copy of the motion to withdraw to Plaintiff by certified mail on or before April 22, 2022. Plaintiffs counsel shall file proof of mailing on the docket on or before April 25, 2022. So Ordered by Magistrate Judge Michael A. Hammer on 4/19/22. (tad) (Entered: 04/19/2022)

[Text Order, Apr. 19, 2022, D.E. 33 (emphasis added)]. On April 20, 2022, Plaintiff's then-counsel certified service of that Order. [Affidavit of Service, Apr. 20, 2022, D.E. 34].

This Court held the ordered telephone conference, on the record, on May 9, 2022. Despite the Court mandating Plaintiff's appearance, Plaintiff failed to appear, as noted in the Undersigned's May 9, 2022 Order. [Order Granting Motion to Withdraw, D.E. 35]. The Undersigned granted Plaintiff's counsel's request to withdraw from the matter, and further mandated that Plaintiff must: (i) file a proposed discovery plan by May 24, 2022; and (ii) file an amended complaint by June 10, 2022. [*Id.* at p. 2].

Plaintiff did not submit a proposed discovery plan. Instead, Defendants Passaic County submitted a joint discovery plan on May 24, 2022. [D.E. 36]. The Court issued a Pretrial Scheduling Order on May 25, 2022, which reiterated to Plaintiff that any Amended Complaint be filed by June 10, 2022. [Pretrial Sched. Order, D.E. 37, at p. 3]. The Court also set a future telephone conference for September 26, 2022, at 2:30 p.m. [*Id.* at p.2]. Defense counsel certified that a copy of the Pretrial Scheduling Order was sent to Plaintiff via regular and certified mail. [Certificate of Service, May 26, 2022, D.E. 38].

On June 23, 2022, Defense counsel informed the Court that Plaintiff had not met his obligations under the aforementioned Court Orders. [Letter, June 23, 2022, D.E. 39]. Thus, this

Court issued an Order to Show Cause on June 24, 2022, requesting that Plaintiff "show cause why the Complaint should not be dismissed for Plaintiff's failure to comply with Court Orders, to appear at conferences, and to prosecute this action," which response was due on July 18, 2022. [Order to Show Cause, D.E. 40]. On July 20, 2022, Defense counsel certified that she attempted to serve the Order to Show Cause on Plaintiff, along with the current docket sheet. [Certificate of Service, July 20, 2022, D.E. 43]. Defense counsel admitted that the mail was returned undeliverable. [*Id.*].

Out of abundance of caution, the Court requested that Defense counsel attempt to re-serve the Order to Show Cause on Plaintiff at any other known address, including Plaintiff's previously disclosed email address. [Text Order, July 21, 2022, D.E. 44]. Defense counsel did so, [Certificate of Service, July 27, 2022, D.E. 46], but did not receive a response. Defense counsel again tried to serve the Order to Show Cause and docket sheet via regular mail and certified mail on Plaintiff after receiving a forwarding address from previously undeliverable mail, [Certificate of Service, Aug. 2, 2022, D.E. 47], but that too went unanswered. Despite Defense counsel's reasonable efforts, Plaintiff has not answered. [Certificate of Service, Aug. 15, 2022, D.E. 50].[3]

The Court proceeded to hold its previously scheduled September 26, 2022 telephone conference, on the record. While Defense counsel appeared, Plaintiff again did not. Defense

---

[3] The record also reflects that this Court's own efforts in attempting to serve the Order to Show Cause on Plaintiff have proved fruitless. [*See, e.g.,* D.E. July 21, 2022]. The Court is satisfied that Defense counsel has exhausted all reasonable measures to effectuate delivery of the Order to Show Cause. Counsel mailed the Order to Show Cause to Plaintiff at Plaintiff's address of record, and to the forwarding address received from previously undeliverable mail. Further, Defense counsel attempted to serve on Plaintiff the Order to Show Cause via email that Plaintiff once used. It is Plaintiff's responsibility to ensure that his contact and address information of record remain accurate, and to update that information if it changes, which Plaintiff has failed to do. Local Civil Rule 10.1(a).

counsel indicated that: (i) despite Defense counsel's multiple efforts to serve the Order to Show Cause on Plaintiff, Plaintiff has failed to respond; and (ii) Defense counsel has not had any other communications with Plaintiff.  To date, Plaintiff has failed to comply with multiple Court Orders and has failed to appear at scheduled conferences.  Neither the Court, nor Defense counsel, has heard from Plaintiff.  Accordingly, by all appearances, the Court can only assume that Plaintiff has no intention to further prosecute this action.

## II.   DISCUSSION

### A.   Standards for Dismiss under Federal Rule of Civil Procedure 41(b)

Federal Rule of Civil Procedure 41(b) authorizes a court to dismiss an action where a "plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (holding Rule 41(b) does not "abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief").  When determining whether dismissal is warranted, courts in the Third Circuit must consider and balance the following six factors:

> (1) the extent of the *party's* personal responsibility; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (providing that "dismissals with prejudice . . . are drastic sanctions, termed 'extreme' by the Supreme Court"); *see also Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).  No single factor is dispositive, and dismissal may be appropriate even if some factors do not weigh against plaintiff.  *See Hildebrand*

*v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019) (stating that "not all of the factors need to be satisfied to justify dismissal of a complaint for lack of prosecution").[4]

The Undersigned considers each *Poulis* factor below in determining whether the action warrants dismissal. Here, Plaintiff has failed to comply with multiple Court Orders, and has not communicated with either Defense counsel or the Court for months. The adjudication of this matter has been brought to a halt by virtue of Plaintiff's inaction, and the Court can only assume that Plaintiff does not wish to proceed with the matter any further. The Court also notes that alternative sanctions are unlikely to move the matter forward. The balance of factors weighs in favor of dismissing the action, as explained more thoroughly below.

### i. The extent of the party's personal responsibility

The record before the Court leads it to conclude that Plaintiff is solely responsible for his failure to comply with court rules and Court Orders, starting approximately in April 2022. First, Plaintiff failed to appear at the May 9, 2022 telephone conference on his counsel's motion to withdraw. [*See* D.E. 33 (mandating Plaintiff's appearance); D.E. 35 (stating that Plaintiff failed to appear)]. Plaintiff thereafter was ordered to submit a proposed discovery plan by May 24, 2022, and an Amended Complaint by June 10, 2022. [D.E. 35]. Plaintiff failed to do both.

Additionally, this Court issued an Order to Show Cause on June 24, 2022, with Plaintiff's response due July 18, 2022. [D.E. 40]. Plaintiff has, to this day, failed to respond to the Order to Show Cause and has further failed to contact the Court to explain his failure to comply, or to

---

[4] The Third Circuit has further held that a "balancing under *Poulis* is unnecessary" where "a litigant's conduct makes adjudication of the case impossible." *Jones v. N.J. Bar Ass'n*, 242 F. App'x 793, 794 (3d Cir. 2007). Nevertheless, while the Court may dismiss this case based on the Third Circuit's ruling in *Jones* alone, the Undersigned considers each *Poulis* factor.

seek more time to do so.  Lastly, Plaintiff failed to appear at a scheduled telephone status conference on September 26, 2022.  [*See* D.E. 37].

Plaintiff's inaction and failure to attend court mandated conferences, has caused this matter to be brought to a standstill.  *See Clarke v. Nicholson*, 153 F. App'x 69, 73 (3d Cir. 2005) (Pro se plaintiffs are "directly responsible for [their] actions and inaction in the litigation"); *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992) (holding that pro se litigants are responsible for prosecuting their claims).  Based on the record, the Undersigned can conclude only that Plaintiff does not intend to further litigate this matter and has chosen, on his own accord, to abandon this suit.  Accordingly, the first *Poulis* factor warrants dismissal of Plaintiff's case.

### ii.     Prejudice to the Adversary

The Court next considers whether Plaintiff's failure to prosecute this litigation has prejudiced Defendants.  Prejudice is not limited to irreparable harm but may include depriving a party of necessary information or the ability to prepare for trial.  *Clarke*, 153 F. App'x at 73 (citing *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-24 (3d Cir. 2003) (finding that plaintiff's delay and failure to comply with discovery requests prejudiced defendant)); *Porten v. Auto Zone*, Civ. No. 10-2629, 2011 WL 2038742, at *2 (D.N.J. May 24, 2011) (relying on *Clarke* and *Ware* to find prejudice to defendant and grant dismissal motion where plaintiff apparently abandoned claims).  Some examples of prejudice include, "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party."  *Adams v. Trustees of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)).

In this case, Plaintiff failed to appear at scheduled telephone conferences on May 9, 2022, and September 26, 2022, while Defendants appeared. Plaintiff has not communicated with the Court or Defense counsel of his intention to proceed in this matter, despite the Court's Order to Show Cause. In sum, Plaintiff's effective abandonment of this case has left Defendants with no means to defend against his claims. Accordingly, this *Poulis* factor also favors dismissal of Plaintiff's claims.

### iii.  History of Dilatoriness and Bad Faith

The third and fourth *Poulis* factors require the Court to consider the extent and history of Plaintiff's dilatoriness and whether he has acted in bad faith. The Third Circuit has emphasized, "If compliance [with court ordered deadlines] is not feasible, a timely request for an extension should be made to the court. A history . . . of ignoring these time limits is intolerable. *Poulis*, 747 F.2d at 868; *see also Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 640 (holding that a party demonstrates a "callous disregard of responsibilities" owed to the Court when "after being expressly directed to perform an act by a date certain . . . [the party] fail[s] to perform").

Plaintiff's history of failing to communicate and adhere to Court Orders is well-documented: (i) Plaintiff's then-counsel requested to withdraw from the matter as his attorney because of Plaintiff's lack of communication [D.E. 32]; (ii) Plaintiff failed to appear at the May 9, 2022 telephone conference, despite the Court's Order to appear [D.E. 33 and 35]; (iii) Plaintiff failed to file a proposed discovery plan by May 24, 2022 [DE. 35]; (iv) Plaintiff failed to file an Amended Complaint by June 10, 2022 [*Id.*]; (v) Plaintiff failed to respond to this Court's Order to Show Cause by July 18, 2022 [D.E. 40]; and (vi) Plaintiff failed to appear at the September 26, 2022 telephone status conference.

By all appearances, Plaintiff has abandoned this litigation. As recounted above, for several months, Plaintiff has made no effort to comply with his obligations in prosecuting his claims, or to explain to the Court and Defense counsel his inability to do so. The Court is therefore faced with no choice but to conclude that Plaintiff's failure to comply with its orders was willful and that Plaintiff has chosen not to pursue his claims. Accordingly, the third and fourth factors weigh in favor of dismissal of Plaintiff's claims.

### iv.  Alternative Sanctions

The fifth *Poulis* factor also favors dismissal. The Court has recounted Plaintiff's failures at length and need not repeat them here, save to reiterate that the record reflects that Plaintiff has effectively abandoned his claims. *Porten*, 2011 WL 2038742, at *3 ("Plaintiff has indicated a desire to abandon her case by choosing not to participate . . . or comply with Court Orders."). Thus, there is no plausible reason to believe that alternative sanctions, such as fines, costs, and attorneys' fees, would spur Plaintiff to resume actively litigating this case. *Id.* (stating that "the Court is skeptical, given Plaintiff's disregard of prior Court Orders, that she would comply with such alternative sanctions or that such sanctions would motivate her to finally prosecute her case."). The Court therefore finds this factor weighs in favor of dismissal.

### v.  Meritoriousness of the Claim or Defense

While the Court must also consider the merits of Plaintiff's claims and Defendant's defenses, Plaintiff's failure to respond to Court Orders, or otherwise communicate with the Court or Defense counsel for months, renders any such analysis impractical.[5] The Court therefore

---

[5] Although the Court issued a Pretrial Scheduling Order [D.E. 37], such an Order came before the Court by way of Defendants Passaic County's joint discovery plan, which they filed on May 24, 2022, after Plaintiff had stopped participating in this matter. Therefore, the parties have likely not conducted any discovery, because Plaintiff's last involvement in this matter appears to be before April 2022.

considers this factor neutral, in that the Court is not in a position to assess the merits of Plaintiff's claims.

### III. CONCLUSION

The Undersigned's consideration of the *Poulis* factors weighs in favor of dismissal of Plaintiff's Complaint. Accordingly, the Undersigned respectfully recommends that the District Court dismiss Plaintiff's Complaint with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 7.1(c)(2).

s/ *Michael A. Hammer*
**Hon. Michael A. Hammer**
**United States Magistrate Judge**

**Date**: September 28, 2022