UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAQUAN SNIPES,<br><br>    *Plaintiff,*<br><br>v.<br><br>PASSAIC COUNTY, PASSAIC COUNTY BOARD OF CHOSEN FREEHOLDERS, individually and in their official capacities, OFFICE OF THE PASSAIC COUNTY SHERIFF'S DEPARTMENT, PASSAIC COUNTY JAIL, PASSAIC COUNTY JAIL WARDEN MICHAEL TOLERICO, individually and in his official capacity, and PASSAIC COUNTY JAIL CORRECTIONAL OFFICER JOHN/JANE DOES #1-25 (fictitiously named), individually and in their official capacities,<br><br>    *Defendants.* | Civil Action No. 21-14149 (KSH)(MAH)<br><br><u>**ORDER**</u> |

  THIS MATTER having come before the Court on the report and recommendation (D.E. 52) of Magistrate Judge Hammer, recommending the dismissal of this action with prejudice under Fed. R. Civ. P. 41(b) and *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984); and

  WHEREAS, the District Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."); L. Civ. R. 72.1(c)(2) (district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge," and "may consider the record developed before the Magistrate Judge, making his or her own determination on the basis of that record."); and

WHEREAS, in a complaint filed on July 26, 2021 (D.E. 1), plaintiff Shaquan Snipes asserted constitutional claims against defendants based on the alleged conditions of his confinement in the Passaic County Jail; and

WHEREAS, two defendants, Passaic County and Warden Michael Tolerico, filed a motion to dismiss the complaint (D.E. 17), which they later withdrew without prejudice because plaintiff had agreed to file an amended complaint (*see* D.E. 26); and

WHEREAS, no amended complaint was ever filed and plaintiff's counsel withdrew due to communication with plaintiff having "completely broken down" (D.E. 32-1 at ¶ 2; *see also* D.E. 35); and

WHEREAS, in the order (D.E. 35) permitting plaintiff's counsel to withdraw, Judge Hammer also set various deadlines for plaintiff to meet with respect to the prosecution of this action; and

WHEREAS, plaintiff, by then *pro se*, failed to comply with those deadlines, prompting a defense request to file a motion to dismiss for, *inter alia*, failure to prosecute (D.E. 39); and

WHEREAS, on June 24, 2022, Judge Hammer issued an order to show cause why the complaint should not be dismissed for plaintiff's failure to comply with court orders, appear at conferences, and prosecute the action (D.E. 40); and

WHEREAS, that order set a response deadline of July 18, 2022 and warned that failure to respond may prompt a recommendation that the undersigned dismiss the case; and

WHEREAS, after the order mailed to plaintiff was returned as undeliverable, Judge Hammer permitted service to be made on plaintiff at "any other known address," including an e-mail address he had purportedly used (D.E. 44); and

WHEREAS, the Court and defense counsel made multiple subsequent attempts to serve the Court's orders on plaintiff; and

WHEREAS, plaintiff failed to respond to the order to show cause, has made no discernable effort to prosecute this action, and failed to update his address in the Court's records, contrary to the requirement in L. Civ. R. 10.1(a) to do so; and

WHEREAS, on September 28, 2022, Judge Hammer issued his report and recommendation, cataloging plaintiff's longstanding failure to engage in the prosecution of this action and comprehensively addressing whether dismissal is appropriate under the circumstances pursuant to Fed. R. Civ. P. 41(b) and the factors set forth in *Poulis*, 747 F.2d 863 (D.E. 52); and

WHEREAS, no party has filed objections to the report and recommendation, and the time for filing objections has passed; and

WHEREAS, this Court has reviewed the record and given "reasoned consideration" to the report and recommendation, *see EEOC v. Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017); and

WHEREAS, the report and recommendation properly concludes that dismissal is appropriate under the circumstances,

**NOW, THEREFORE, IT IS,** on this 7th day of December, 2022,

**ORDERED** that the report and recommendation (D.E. 52) is ADOPTED; and it is further

**ORDERED** that this action is **DISMISSED** with prejudice.

The Clerk of the Court is directed to close this case.

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J